FILED'08 FEB 20 09:45USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY FRANCES, aka
FRANCES CRAWFORD,

              Civil No. 07-3084-CL

    Plaintiff,

                ORDER

   v.

GUCCI AMERICA, INC.,

     Defendant.

CLARKE, Magistrate Judge.

    Plaintiff filed this action for recovery of pension benefits
under the Employee Retirement Income Security Act (ERISA) and
breach of contract. (Complaint). Plaintiff seeks pension
benefits from August 1982 through October 2007, a declaration that
she is entitled to monthly benefits for the rest of her life,
interest on all past benefits, attorney's fees, and costs. (Id.).

    This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and
1332. The parties have consented to entry of judgment by a

Magistrate Judge pursuant to 28 U.S.C. § 636.  Defendant moves to dismiss plaintiff's claims for failure to state a claim upon which relief can be granted (#12).

## I.  **FACTS**

The following paragraphs recite relevant portions of plaintiff's complaint allegations:

Plaintiff was employed by Charles of the Ritz Group, Ltd. from January 1, 1962 through her retirement on July 31, 1982. (Complaint ¶5).  During that time, she was eligible for, and a participant in, its pension plan (the "Plan").  (Id. at ¶6).

Upon her retirement, based on her earnings and years of service, she was and continues to be entitled to early retirement monthly Plan benefit payments.  (Id. at ¶7).  Plaintiff [claims she] is owed her monthly benefits of $192.44 for each and every month from her retirement date through the present and into the future until her death.  (Id. at ¶10).

Beginning in March 2007 and continuing through October 2007, Plaintiff through her agent made multiple, repeated written and oral requests of Gucci for her pension benefits and related information.   (Id. at ¶11).  To date, Gucci, [as the Plan successor], has failed to provide her any such benefits . . ..  (Id. at ¶9 and ¶12).

ORDER - 2

## II.  <u>LEGAL STANDARDS</u>

Federal courts require notice pleading.  A complaint may be dismissed because of the lack of a cognizable legal theory or because insufficient facts are alleged under a cognizable legal theory.  <u>Bell Atlantic Corp. v. Twombly</u>, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007); <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988).  The court accepts plaintiff's material allegations in the complaint as true and construes them in the light most favorable to plaintiff.  <u>Gorham v. Banovetz</u>, 652 F.2d 750 (8th Cir. 1981).  A pleading must contain a short and plain statement of the claim showing the party is entitled to relief.  <u>Jones v. Community Redevelopment Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  It must give fair notice and state the elements of the claim plainly and succinctly.  <u>Id</u>.

## III.  <u>DISCUSSION</u>

Defendant moves to dismiss plaintiff's breach of contract claim arguing that it is preempted by ERISA.

**Breach of Contract**

29 U.S.C. § 1144(a) provides that, with certain exceptions, ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." Consistent with the purpose of the preemption provisions to establish employee benefit plan regulations as "'exclusively a federal concern,'" the phrase "relate to" in the preemption clause

ORDER - 3

is construed broadly. Pilot Life Ins. Co. v. Dedeaux, 481 U.S.
41, 46 (1987) (quoting Alessi v. Raybestos-Manhattan, Inc., 451
U.S. 504, 523 (1981)); Shaw v. Delta Air Lines, Inc., 463 U.S. 85,
98-100 (1983). An "employee benefit plan" includes both employee
welfare benefit plans and employee pension benefit plans.    29
U.S.C. § 1002(3).

It is clear that the plaintiff's breach of contract claim is
governed by ERISA.    Therefore, her state law claim for breach of
contract based on defendant's failure to pay benefits under the
plan is preempted by ERISA, and this claim is dismissed. See
Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987).

**Statute of Limitations**

Defendant moves to dismiss plaintiff's ERISA claim contending
that it is barred by the statute of limitations. In response,
plaintiff contends that: 1) her cause of action did not accrue
until 2007, when Gucci refused to pay her benefits; 2) the fact
that she was eligible and did participate in the Plan does not
mean that she had knowledge of her entitlement to benefits in 1982
when she retired; 3) under the continuing violation theory, each
monthly failure by Gucci to pay benefits constitutes a separate
breach of contract and starts the statute of limitations anew; and
4) whether plaintiff knew or had reason to know she had a claim
for benefits is an issue of fact that cannot be decided on a
motion to dismiss.

ORDER - 4

"There is no specific federal statute of limitations governing claims for benefits under an ERISA plan." <u>Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program</u>, 222 F.3d 643, 645 (9th Cir. 2000). Courts, therefore, must look to "the most analogous state statute of limitations." <u>Id.</u> Because the Plan is a contract, the most analogous state statute is Oregon's statute of limitations for contract actions.

Or.Rev.Stat. § 12.080(1) provides "an action upon a contract or liability, express or implied ... shall be commenced within six years. Although Oregon's six-year statute of limitations applies to Plaintiff's ERISA claims, federal law determines when an ERISA cause of action accrues. <u>Wetzel</u>, 222 F.3d at 649.

In the Ninth Circuit,

> A motion to dismiss based on the running of the statute
> of limitations may be granted only if the assertions in
> the complaint, read with the required liberality, would
> not permit the plaintiff to prove the statute was
> tolled. Under federal law, a cause of action accrues
> when the plaintiff knows or has reason to know of the
> injury that is the basis of the action.[1]

<u>Pisciotta v. Teledyne Industries, Inc.</u>, 91 F.3d 1326, 1331 (citations omitted). In addition, the Ninth Circuit has rejected

---

[1] Plaintiff contends that the statute of limitations does not accrue until there is a clear and continuing repudiation of the right to benefits, citing <u>Kosty v. Lewis</u>, 319 F.2d 744, 750 (C.A.D.C. 1963), <u>Morgan v. Laborers Pension Trust Fund</u>, 433 F.Supp. 518, 523 (D.Cal. 1977), and <u>Comstock v. Pfizer Retirement Annuity Plan</u>, 524 F.Supp. 999, 1002-1003 (D.Mass. 1981). This is not the standard currently applied in the Ninth Circuit.

ORDER - 5

the continuing violation theory in ERISA cases. <u>Id.</u> at 1332.

ERISA requires that a summary plan description to be furnished to participants and beneficiaries. 29 U.S.C. § 1022(a)(1). The summary plan description must be sufficiently accurate and comprehensible to reasonably apprise participants of their rights and obligations. 29 U.S.C. § 1022(a)(1). The summary plan description must not mislead, misinform or fail to inform participants and beneficiaries of the plan. <u>Genter v. ACME Scale and Supply Co.</u>, 776 F.2d 1180, 1185 (3rd Cir. 1985) (citations omitted). In addition, the plan description and summary plan must contain a description of the circumstances which may result in disqualification, ineligibility, or denial or loss of benefits, as well as, the procedures to be followed in presenting claims for benefits under the plan. 29 U.S.C. §§ 1022(b) and 1024(b); 29 C.F.R. § 2520.102-2.

ERISA requires the administrator of a plan to publish an annual report and furnish participants with a copy of the report. 29 U.S.C. § 1023. The administrator must also provide a plan participant with an individual benefit statement upon termination of employment. 29 U.S.C. § 1059(a)(1)(B).

Plaintiff alleges that she retired in 1982. During her employment she was eligible for and participated in an ERISA pension plan. Upon her retirement in 1982 she became eligible for a monthly benefit of $192.44. She has never received that

ORDER - 6

benefit.  She did not apply for her benefits until March 2007. The facts in plaintiff's complaint clearly show that her claim is barred by the statute of limitations.

There is nothing in the complaint to suggest that the plan administrator did not comply with the duties imposed by ERISA, that plaintiff was never given a plan summary or an individual statement of benefits or that she wasn't furnished an annual report.  Plaintiff has not presented any facts alleging delayed discovery of her claim or to support equitable tolling of the statute of limitations.  Based on the complaint, the court rules that plaintiff knew or should have known of her claim for retirement benefits when she retired in 1982.  Therefore, dismissal based upon the running of the statute of limitations is proper in this case.  See <u>Pisciotta</u>, 91 F.3d at 1331-1332.

### III.  **ORDER**

Based on the foregoing, it is ORDERED that defendant's motion to dismiss(#12) is granted and this case is dismissed.

DATED this _20_ day of February, 2008.

_____

UNITED STATES MAGISTRATE JUDGE

ORDER - 7